**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KALEIGH PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-cv-08141 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| CORELLE BRANDS ACQUISITION HOLDINGS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court today are Plaintiff Kaleigh Perez's motion to remand, dkt. 9; former defendant Midea America Corporation ("Midea")'s motion to dismiss, dkt. 14; and Midea's motion for leave to file a supplemental declaration, dkt. 17, which has subsequently been joined by Defendant Corelle Brands Acquisition Holdings ("Corelle"). The Court denies the motion to dismiss as moot, denies the motion to file a supplemental declaration as improper and lacking foundation, and grants the motion to remand. An explanation of the Court's reasoning will require a detailed explanation of this case's complicated procedural history.

**BACKGROUND**

Ms. Perez filed suit against Corelle and Midea in the Circuit Court of Cook County on March 28, 2024. She alleged that Corelle and Midea were liable for injuries she suffered while using an Instant Pot pressure cooker. At the time, Defendants were subject to a bankruptcy stay, which was lifted on July 9, 2026. The very next day, Midea removed the case to the Northern District of Illinois. Dkt. 1. Although Ms. Perez had alleged that Corelle was a citizen of Illinois, which would normally make removal improper under the forum defendant rule, 28 U.S.C. § 1441(b)(2), Midea alleged that Corelle was merely a nominal defendant whose citizenship was irrelevant to any determination of removal

propriety. Simultaneously with its removal, Midea filed appearances for two attorneys (Richard P. Cassetta and Randy Soriano), dkt. 2, 3, and also filed a disclosure of its corporate citizenship for purposes of federal diversity jurisdiction, as required by Federal Rule of Civil Procedure 7.1, dkt. 5. No one appeared for Corelle at that time, nor did Corelle file a Rule 7.1 statement. Although Corelle did not sign the notice of removal, counsel has since represented that Corelle "consented" to the filing. Ms. Perez quickly moved to remand back to the courts of Illinois, arguing that she had raised colorable claims against Corelle, making Corelle a true, rather than merely nominal, defendant. Dkt. 9.

On July 29, 2026, the appearing counsel for Midea—Mr. Cassetta and Mr. Soriano—also entered appearances for Corelle. Dkt. 11, 12. The next day, Midea filed a motion to dismiss for lack of personal jurisdiction. Dkt. 14. Although Midea and Corelle were at this point represented by the same lawyers, the motion was not signed by counsel in their capacity as attorneys for Corelle, and none of the arguments in the motion appear to pertain to whether this Court has personal jurisdiction over Corelle. On August 24, 2026, Midea filed its opposition to Ms. Perez's motion to remand. Dkt. 16. In its brief, Midea expanded its removal argument that Corelle was a mere nominal defendant, and offered no other basis for opposing the motion to remand. Although the brief's arguments primarily pertained to Corelle and Corelle had the same attorneys as Midea, Corelle again did not sign on to Midea's filing.

On September 4, 2026—ten days after Midea filed its opposition to the motion to remand, and four days before Ms. Perez's reply was due—Midea moved for leave to file a supplemental declaration in support of its opposition to remand. Dkt. 17. In this motion, Midea argued, for the very first time, that Corelle is not actually a resident of Illinois, and that the forum defendant rule therefore does not apply, regardless of whether Corelle is a nominal or true defendant. The declaration that Midea sought leave to file consists of five brief paragraphs from a person named Jamie Keller. Dkt. 17-1. Mr. Keller represents that he is the CFO of Anchor Hocking Company, which is a company

"affiliated" with Corelle. He declares that Corelle is an LLC whose sole member is a company, Universal Tabletop, Inc., that is incorporated in Delaware with headquarters in Ohio. Because the citizenship of an LLC for diversity purposes is the citizenship of the LLC's members, this would mean that Corelle is also a citizen of Ohio and Delaware only. Once again, Corelle did not sign on to the motion. Ms. Perez, unsurprisingly, opposed the motion.

Upon receiving Midea's motion for leave to file the declaration, the Court paused all briefing and scheduled a hearing so the parties could discuss all pending matters with the Court. Dkt. 19. Then, before that hearing occurred, Ms. Perez announced that she was voluntarily dismissing her claims against Midea, leaving Corelle as the sole defendant in the case. Dkt. 23. The same day, Corelle filed notice that it would be joining Midea's previously filed opposition to the notice of remand. Dkt. 24. The notice did not indicate that Corelle was joining any other filing by Midea. However, at the scheduled hearing on September 30, 2026, counsel for Corelle argued that the Court should grant Midea's still-pending motion seeking leave to file Mr. Keller's declaration. Counsel also argued that the Court should deny the motion to remand based on the declaration's evidence that Corelle is not a citizen of Illinois.

## DISCUSSION

### I. Motion to Dismiss

First, the Court finds that Midea's pending motion to dismiss has been mooted by Midea's subsequent voluntary dismissal. Corelle has not joined that motion, and none of the arguments for lack of personal jurisdiction appear to apply to Corelle. As such, the Court denies the motion as moot.

### II. The Supplemental Declaration

Second, the Court finds that the proposed declaration of Mr. Keller lacks proper foundation, and that the motion seeking leave to file the motion is improper. As an initial matter, although Corelle

has not formally notified the Court that it has joined Midea's motion for leave to file, the Court will construe Corelle's counsel's oral arguments as implicitly constituting a wish by Corelle to join the motion. The Court therefore will not deny the motion as moot, despite Midea's subsequent dismissal.

With respect to the declaration itself, the Court finds that Corelle and Mr. Keller have not established a sufficient foundation to establish the trustworthiness of Mr. Keller's information. Although it is not binding in this situation, the Court finds instructive Federal Rule of Evidence 602: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Here, neither the motion nor the declaration gives any details to establish who Mr. Keller is, other than the CFO of a different company; or what the "affiliation" is between Anchor Hocking and Corelle; or why Mr. Keller possesses accurate knowledge of Corelle's citizenship. The Court also has seen no explanation for why it was necessary to introduce this information through Mr. Keller, rather than through an officer of Corelle (or, for that matter, an officer of Universal Tabletop). The authority of an officer of Corelle to testify as to its citizenship would not reasonably be in question, and it ought to be relatively easy to procure such a statement, given that the attorneys who submitted the proposed declaration for Midea are also representing Corelle. It should also be easy to obtain documentary evidence corroborating (or supplanting) Mr. Keller's declaration. Instead, Midea, represented by the same counsel as Corelle, instead evidently believed that the best means of introducing information as to Corelle's citizenship was by submitting a short and undetailed declaration from the CFO of some other company with only a vague and unspecified "affiliation" with Corelle. There is simply insufficient foundation for the Court to accept the accuracy of Mr. Keller's information.

Moreover, even if the Court were to accept Mr. Keller's declaration, it still would not prove sufficient to determine Corelle's citizenship. In his declaration, Mr. Keller offers only a conclusory statement of Universal Tabletop's citizenship. *See* dkt. 17-1 ¶ 5 ("Universal Tabletop, Inc., is

incorporated in Delaware and has its principal place of business in Columbus, Ohio."). The Supreme Court has held that even "a form like the Securities and Exchange Commission's Form 10–K listing a corporation's 'principal executive offices' would, without more, be [in]sufficient proof to establish a corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010). Here, if an official government filing listing addresses of company offices is insufficient alone to determine citizenship, then *a fortiori* Mr. Keller's conclusory statement , on the basis of unestablished authority, does not even come close. *See also Channon v. Westward Mgmt., Inc.*, No. 19-CV-05522, 2020 WL 1233766, at *5 (N.D. Ill. Mar. 13, 2020) (Wood, J.) (applying *Hertz* to reject conclusory declarations as providing sufficient evidence to establish a corporation's citizenship). In any removal, it is the defendant that has the burden of establishing that the parties' citizenship permits the case to be heard in federal court. *Hertz*, 559 U.S. at 96–97. Mr. Keller's declaration, even if admitted, would not meet that burden.

Finally, the Court finds that permitting Corelle to file the supplemental declaration would unduly prejudice Ms. Perez. Defendants have had notice of Mr. Perez's lawsuit since March 2024, nearly two-and-a-half years ago. It is remarkable that, in all that time, Defendants did not realize until September 4, 2026, that Corelle was allegedly not a citizen of Illinois. Defendants did not even raise the issue in response to Ms. Perez's remand motion, which, although submitted on behalf of Midea, was authored by Corelle's attorneys. Corelle also still has not filed its Rule 7.1 disclosure, despite being required to do so "when the action is filed in or removed to federal court." Fed. R. Civ. P. 7.1(2)(A). Instead, only four days prior to Plaintiff's reply deadline, Defendants suddenly sought to file a declaration that would advance an entirely new line of argument in opposition to Ms. Perez's motion. The Court will not permit such sandbagging. *Cf. UpHealth Holdings, Inc. v. Glocal Healthcare Sys. Priv. Ltd.*, No. 24-CV-3778, 2024 WL 4278121, at *7 (N.D. Ill. Sept. 24, 2024) (Coleman, J.) (citing *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Loc. 731*, 990 F.2d 957, 960 (7th Cir. 1993)).

The Court denies Defendants' motion seeking leave to file a supplemental declaration.

## III. Motion to Remand

Finally, the Court comes to Plaintiff's motion to remand. In that motion, Plaintiff argues that Defendants' removal was improper under the forum defendant rule, 28 U.S.C. § 1441(b)(2), because Corelle is proper defendant and a citizen of Illinois. A defendant is nominal if "the plaintiff does not seek relief" from that defendant, or if "there is no reasonable basis for predicting" that the defendant will be held liable. *Jimenez v. Kiefer*, 100 F.4th 931, 936 (7th Cir. 2024) (citations and internal quotations omitted). Ms. Perez argues that the complaint places Corelle's actions at issue and provides a basis for holding Corelle liable for damages, should she prevail in her case.

Defendants, in their opposition to the motion to remand, point to an early paragraph of the complaint, where Ms. Perez stated that "this suit is not asserted against the Defendant on account of Plaintiff's 'Claim or Interest' but rather is brought as a procedural necessity only to ensure that Plaintiff can recover from the proceeds of the Defendant's insurance policy." Dkt. 1-2 ¶ 4. They argue that "A suit seeking recovery only from insurance proceeds is a suit against the debtor only nominally," and that this statement therefore constitutes an admission that Corelle is a mere nominal defendant. Dkt. 17 at *5 (citing *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991)). However, Defendants did not meaningfully respond to Ms. Perez's argument in her motion that this language primarily related to the then-current bankruptcy status of Defendants, and that the complaint alleges that Corelle created liability through its own conduct.

A simple review of the Counts of the complaint shows that Corelle is no mere nominal defendant. *Inter alia*, Ms. Perez alleges that Corelle had a duty, which it failed to perform, to "design, manufacture, assemble, test, market, promote, supply, distribute, sell and place into the stream of commerce" a product that was not unreasonably dangerous. Dkt. 1-2 ¶ 78. That is not the sort of allegation one levels at a mere nominal defendant. Moreover, if there were any doubt as to Corelle's status as a true defendant, such doubt must surely be resolved now that Ms. Perez has voluntarily

dismissed Midea, leaving Corelle as the sole remaining defendant to the suit. Finally, at oral argument, Corelle did not attempt to advance any argument that it was a nominal defendant; rather, it rested its entire case for denial of remand on the argument that it is not a citizen of Illinois. However, because the Court denied Defendants' motion to file a supplemental declaration, there is no evidence in record as to Corelle's citizenship beyond Ms. Perez's allegations. (Moreover, as discussed above, even if the Court permitted Defendants to file the declaration, it still would not be sufficient to establish Corelle's citizenship.) Defendants have not met their burden to establish Corelle's citizenship. *See Hertz*, 559 U.S. at 96–97.

The Court finds that Corelle is a true defendant in this case; that Ms. Perez has plausibly alleged that Corelle is a citizen of Illinois; and that Defendants have not introduced any evidence sufficient to unseat Ms. Perez's allegations as to Corelle's citizenship. The Court therefore grants Ms. Perez's motion to remand because the removal was improper under the forum defendant rule.

## CONCLUSION

The Court denies former defendant Midea's motion to dismiss [14] as moot; denies Defendants' motion seeking leave to file a supplemental declaration [17]; and grants Plaintiff Perez's motion to remand [9]. This case is remanded back to the Circuit Court of Cook County forthwith for all further proceedings.

**IT IS SO ORDERED.**

Date: 10/7/2026

Entered: ______________________________

SHARON JOHNSON COLEMAN
United States District Judge